IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **LARRY LEE LEMAY,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:19-cv-683** |
| ) | **Judge Richardson/Frensley** |
| **CORRECT CARE SOLUTIONS, LLC,** ) | **Jury Demand** |
|     **Defendant.** ) | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND

The Plaintiff, who is proceeding pro se, brings this action against Defendants under 42 U. S. C. § 1983. The Court conducted an initial review of the Complaint as required by 28 U. S. C. § 1915(e)(2) and allowed claims to proceed against Sheriff Hall in his official capacity, against Correct Care Solutions/Well Path, Inc. and against Officer Alexander while dismissing other claims. Docket No. 5. Plaintiff thereafter filed an Amended Complaint. Docket No. 58. The Defendants filed a Joint Motion for Frivolity Review of the Amended Complaint. Docket No. 62. Having conducted a review of the Amended Complaint under 28 U. S. C. § 1915(e)(2), the undersigned recommends that several of the Plaintiff's proposed amendments be DENIED.

### II.    LAW AND ANALYSIS

    **A.**    **Prison Litigation Reform Act Screening**

The Prison Litigation Reform Act requires Courts to screen and dismiss prison complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a Defendant who is immune from such relief. 28 U. S. C. § 1915(A). "[C]ourts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not

differentiate between civil actions brought by prisoners." *In re: Prison Litigation Reform Act*, 105 F. 3d 1131, 1134 (6th Cir. 1997).

B.     **Motions to Amend**

While leave to amend a complaint should be "freely given when justice so requires," *Forman v. Davis,* 371 U. S. 178, 182 (1962), proposed amendments to a prisoner's complaint may also be *sua sponte* reviewed under 28 U. S. C. § 1915 and 1915 (A). The Courts have generally held in this regard:[u]nreleated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple Defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007)(citations omitted).

C.     **The Case at Bar**

The Plaintiff's original Complaint alleged violations of the Eighth Amendment's prohibition of cruel and unusual punishment on the grounds that the Defendants were deliberately indifferent to the Plaintiff's serious medical needs, where jail and medical staff failed to provide adequate medical care and oversight of his diabetes. Docket No. 1.

Following initial review of the Complaint, the Court found that its failed to state a claim against Sheriff Daron Hall in his individual capacity or against the Davidson County Sheriff's office and dismissed those claims. Docket No. 5. The Court found however, that the Complaint did state a colorable claim under 42 U. S. C. §1983 against Sheriff Hall in his official capacity, against Correct Care Solutions/Wellpath, Inc. and against Officer Alexander which were allowed to proceed. *Id.*

Plaintiff's Amended Complaint restates his allegations against Wellpath Inc., Metropolitan Government of Nashville and Davidson County and Keyonna Alexander in her individual capacity. Docket No. 58. The claims against these Defendants are substantially the same as alleged in the

original Complaint. *Id.* Additionally, Plaintiff seeks to add claims against Kenneth Wilkins, Daron Hall, Pamela Hale, Mrs. Levy and Mark Bailey. *Id.* Each of those individuals are sued in their individual capacities. *Id.*

The Amended Complaint alleges four separate claims. Two claims of deliberate indifference regarding his medical care (Docket No. 58, pp. 9-16; a claim styled "retaliation and denial of due process rights"(*Id.* at pp. 16-17; and "inadequate law library"(*Id.* at page 18).

### 1. June 2019 Deliberate Indifference Claim

The Plaintiff's first claim for deliberate indifference regarding his medical care addresses the same instance raised in his previous filed Complaint. The only significant difference is that the Plaintiff seeks to add Dr Kenneth Wilkins as a Defendant to this claim alleging that Wilkins removed the order for him to receive an insulin pump. *Id.* at p. 9. He repeats his previously asserted allegations against Defendant Alexander and the Metropolitans Government of Nashville and Davison County ("Metro"). *Id.* at pp. 9-13. The Plaintiff also asserts that Sheriff Daron Hall "has or may have failed to adequately train Alexander on how to handle emergency medical problems." *Id.* at p. 13.

For the reasons previously addressed in the Court's initial review, the claims against Alexander and Metro should proceed.

Regarding the claims against Dr. Wilkins, the Plaintiff's allegations that Dr. Wilkins issued the removal order of his insulin pump without ever seeing him adequately states a claim against Dr. Wilkins for the purposes of the initial review.

The Court previously found that the Complaint fails to state a claim against Sheriff Daron Hall in his individual capacity in that it "does not allege any facts showing that Sheriff Hall was personally aware or involved in the decisions regarding Plaintiff's care or even that he was personally aware of the other three instances that resulted in the Plaintiff's hospital admission following inadequate care." Docket No. 4, p. 5. Plaintiff's Amended Complaint still fails to allege any facts

3

showing that Sheriff Hall was personally aware or involved in the decisions regarding Plaintiff's care such as to support a claim against the sheriff in his individual capacity. As with the initial review, the claims against Sheriff Hall in his official capacity should be allowed to proceed.

    **2.      September 2019, Deliberate Indifference Claim**

Plaintiff's Amended Complaint asserts an additional claim of deliberate indifference to his medical needs in September 2019. Docket No. 58, pp. 13-16. In this claim, Plaintiff asserts he had been prescribed certain medication for neuropathy and pain several years prior to his incarceration and that Wellpath failed to prescribe him that medication upon his incarceration in violation of the Eighth Amendment. Docket No. 58, pp. 13-15. Plaintiff alleges that Defendant Mark Bailey, a facility Nurse Practitioner was the individual who advised him of the discontinuation of his mediation. *Id.*

For the same reasons that Plaintiff's claims against Wellpath survive initial review, this claim does as well. While the claims against Defendant Bailey are a closer call, and the allegations are not detailed, it may reasonably be inferred from the Complaint that Bailey knew that Plaintiff was a diabetic who was not receiving adequate control of his symptoms and thus, for purposes of initial review, the Complaint adequately states a claim against him in his induvial capacity.

    **F.      February 2020, Retaliation and Denial of Due Process Rights**

Plaintiff's Amended Complaint adds a claim related to disciplinary action taken against him arising out of a cell check conducted on February 1, 2020. Docket No. 58, p. 16. Plaintiff was disciplined for contraband and other infractions related to the cell search. *Id.* He asserts claims against the disciplinary hearing officer Mrs. Levy who conducted his disciplinary hearing and Pamela Hale, the jail administrator who upheld the discipline against him.

The claims asserted in this count relate to disciplinary action taken by the jail unrelated to his deliberate indifference medical claims. The allegations occur many months after his allegations

4

of deliberate indifference to his medical condition and involve Defendants unrelated to those other claims. While the Plaintiff includes the term "retaliation" in his complaint, there are no allegation connecting the discipline to his prior complaints about medical care or suggestion that either of the named Defendants had any role or knowledge of his concerns about medical care and thus appear to state a separate cause of action that is unrelated to the instant litigation. "[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor v. Applegate,* 661 F. Supp. 743, 778 (E. D. Mich. 2009)(quoting *Garcia v. Munoz*, 2008 WL2064476 at *3 (D. N. J. May 14, 2008)). Plaintiff's unrelated claims regarding disciplinary action following a cell search in February 2020 should be addressed in a separately filed new civil rights complaint and not by the proposed amendments to the complaint in this action. Therefore, the undersigned recommends that this claim be dismissed without prejudice.

### 4. Inadequate Law Library

The Plaintiff alleges in his Amended Complaint that the legal resources maintained at the facility he is incarcerated provide limited access to legal materials and thus inadequate access to the courts. Docket No. 58, p. 18. He alleges that he has purchased a civil rights self-help litigation book for legal reference. *Id.*

Prisoners retain a constitutional right of access to the courts. *Bounds v. Smith,* 430 U. S. 817, 821-822 (1977)(citing *Ex Parte Hull*: 3123 U. S. 546(1941)). To protect this right, prison authorities must "provide prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U. S. at 828.

To have standing to pursue a First Amendment claim that he was denied access to the courts, " a prisoner must show prison officials' conduct inflicted an 'actual injury,' *i.e.,* that the conduct

5

Case 3:19-cv-00683   Document 81   Filed 11/20/20   Page 5 of 6 PageID #: 529

hindered his efforts to pursue a nonfrivolous legal claim." *Rogers v. Hawley*, 14 F. Appx. 403, 409 (6th Cir. 1001)(citation omitted).

Plaintiff does not meet the required constitutional showing for an access to courts claim. Though he asserts the law library is "inadequate" he does not state that lack of an adequate library hindered his efforts to pursue a nonfrivolous legal claim. Plaintiff has been able to acquire and presumably keep a civil rights litigation legal reference and he has clearly been able to file pleadings with the Court. For these reason, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the claims against Sheriff Daron Hall in his individual capacity as well as the claims related to a disciplinary action taken against Plaintiff in February 2020 and his claims inadequate law library be dismissed. The other claims asserted should permitted to proceed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**